Case 4:25-cv-00318   Document 1   Filed on 01/27/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § § | **CHAPTER 11** |
| Debtor. | § § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § § | |
| Plaintiff, | § § | |
| VS. | § § | **ADVERSARY NO. 24-3230** |
| **THE SANGISETTY LAW FIRM,** | § § § | |
| Defendant. | § | |

**RREPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT THAT DEFENDANT'S
<u>MOTION TO WITHDRAW THE REFERENCE BE GRANTED</u>**
*Resolving ECF No. 15*

Pending before the Court is a single pleading filed on January 13, 2025, by The Sangisetty Law Firm ("*Defendant*") self-styled as "Defendant's Motion To Withdraw The Reference" ("*Motion to Withdraw the Reference*").[1] For the reasons set forth *infra*, and as required by Federal Rule of Bankruptcy Procedure 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference be immediately withdrawn.

I. **BACKGROUND**

**A. Procedural History**

1. On January 2, 2025, MMA Law Firm, PLLC ("*Plaintiff*") filed its Amended Complaint listing three causes of action, to wit: (1) declaratory judgment; (2) turnover of property of the estate; and (3) violation of the automatic stay.[2]

---
[1] ECF No. 15.
[2] ECF No. 14.

2. On January 13, 2025, Defendant timely demanded a jury trial by filing its Motion to Withdraw the Reference.[3]

## II.    ANALYSIS

### A.  Withdraw of the Reference Standard of Review

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy Courts.[4] Pursuant to § 157(d), the District Court may withdraw any case or proceeding referred under § 157 on its own motion or on timely motion of any party for cause shown.[5] Additionally, the District Court shall withdraw any case or proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulation organizations or activities that affect interstate commerce.[6] There are two provisions for withdrawal of the reference of cases to a bankruptcy court: mandatory and permissive withdrawal.[7] Because this Court finds mandatory withdrawal is warranted, the Court need not discuss permissive withdrawal.

### B.  Mandatory Withdrawal of the Reference is Required

Mandatory withdrawal of the reference must be granted when the motion was timely filed and either (1) the proceeding involves a substantial and material question of non-bankruptcy code federal law and a non-bankruptcy code federal law at issue has more than a *de minimis* effect on interstate commerce, or (2) the movant seeking withdrawal has a valid Seventh Amendment jury

---

[3] ECF No. 15.
[4] *See* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[5] 28 U.S.C. § 157(d).
[6] *Id.*
[7] *See id.*

trial right on the claims asserted against them.[8] Here, Defendant does not assert, nor does this Court find, that this proceeding involves a substantial and material question of non-bankruptcy law.[9] Rather, Defendant asserts that they are entitled to a jury trial on the claims presented against them in this adversary proceeding.[10]

Whether a valid, timely asserted jury demand has been made is dispositive in whether withdrawal should be granted because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent.[11] As a result, if a party has invoked its Seventh Amendment jury trial right and does not consent to a jury trial in bankruptcy court, the reference must be withdrawn.[12] However, even if a jury trial is ultimately necessary, immediate withdrawal of the reference is not required. Instead, withdrawal may be deferred until the bankruptcy court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process.[13]

The right to a jury trial in adversary proceedings does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[14] Instead, the analysis generally turns on whether the cause of action (1) is legal or equitable in nature; and (2) involves public or private rights.[15] Simply put, if the plaintiff seeks a legal remedy, the defendant has a right to jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a "core" proceeding.[16]

---

[8] *In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992); *Benjamin v. United States* (*In re Benjamin*), Nos. 17-33255, 17-3321, 2021 Bankr. LEXIS 2400, at *4 (Bankr. S.D. Tex. 2021).
[9] ECF No. 15.
[10] ECF No. 15 at 3, ¶ 4.
[11] *See In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994).
[12] *See id.* at 198; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422–23 (5th Cir. 1998) (the Seventh Amendment preserves the right to a jury trial in "all actions in which legal rights are to be determined."); *In re Yazoo Pipeline Co.*, 459 B.R. 636, 641–42 (Bankr. S.D. Tex. 2011).
[13] *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).
[14] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).
[15] *See id.* at 53-54; *Citgo Petroleum Corp.*, 151 F.3d at 422–23 (the Seventh Amendment preserves the right to a jury trial in "all actions in which legal rights are to be determined."); *In re Yazoo Pipeline Co.*, 459 B.R. at 641–42.
[16] *Granfinanciera, S.A*, 492 U.S. at 36.

Actions for damages or money judgments are legal in nature to which a right to a jury attach.[17]

Plaintiff's Amended Complaint alleges that Plaintiff represented thousands of storm victims with property damage claims against their insurance companies ("*Former Clients*"), and that Plaintiff initiated claims for these Former Clients ("*Former Cases*") pursuant to contingency fee agreements ("*Fee Agreements*") which entitled Plaintiff to a contingency fee, interest and reimbursement of expenses from the proceeds of any recovery in the Former Cases ("*Fees and Costs*").[18] Plaintiff allegedly settled some of the Former Cases and, pursuant to a court order by the District Court for the Western District of Louisiana, delivered every undeposited check related to the settlements ("*Settlement Checks*") to the District Court in Louisiana.[19] Allegedly, Defendant caused the Settlement Checks to be reissued and delivered to Defendant, but Plaintiff did not receive any funds from the reissued checks ("*Reissued Check Funds*") despite Defendant's agreement that it would deliver to Plaintiff 100% of the contingency fee related to the Settlement Checks.[20] Defendant also allegedly took over representation of 694 of the Former Cases (the "*Sangisetty Cases*") and began settling and earning favorable outcomes in the Sangisetty Cases, retaining the full amount of the Fees and Costs, after Defendant allegedly entered into an agreement with Plaintiff where it would remit a portion of the Fees and Costs to Plaintiff.[21]

All claims asserted against Defendant in this adversary involve core matters.[22] However, the Defendant is entitled to a jury trial. Plaintiff's Amended Complaint lists three causes of action, to wit: (1) a declaratory judgment pursuant to § 541 affirming that Plaintiff has an interest in the

---

[17] *Dairy Queen v. Wood*, 369 U.S. 469, 476 (1962); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) ("awards of actual damages and profits . . . generally are thought to constitute legal relief.").
[18] ECF No. 14 at 2,
[19] ECF No. 14 at 3.
[20] ECF No. 14 at 3, 4.
[21] ECF No. 14 at 3, 4.
[22] *See* 28 U.S.C. § 157(b)(2)(A), (E), and (O).

Fees and Costs under the Fee Agreements and the Reissued Check Funds; (2) turnover of a portion of the Fees and Costs and the Reissued Check Funds received by Defendant pursuant to § 542(a); and (3) violation of the automatic stay pursuant to § 362(a) for Plaintiff's exercise of control over the Fees and Costs and Reissued Check Funds after commencement of this bankruptcy case.[23]

In a separate but related proceeding, Plaintiff also brings a claim for violation of the automatic stay pursuant to § 362(a), and a declaratory judgement and turnover claim pursuant to §541 and §542(a) against Morris Bart, LLC ("*Morris Bart*") in Case No. 24-3127 (the "*Morris Bart Proceeding*").[24] The Morris Bart Proceeding is based on substantially similar grounds as this instant adversary proceeding.[25] Specifically, Plaintiff alleges that Morris Bart took over representation of some of the Former Cases and began settling them, retaining the full portion of the Fees and Costs, which Plaintiff asserts it has an interest in.[26] In the Morris Bart Proceeding, the District Court withdrew the reference and found that Morris Bart was entitled to a jury trial, reasoning that Plaintiff's declaratory judgment and turnover claims in the Morris Bart Proceeding required "the resolution of the amount MMA is owed, if any, under the contingency fee agreements, and Debtor is asking to be paid these sums—a claim and remedy that is clearly legal in nature."[27] Here, Plaintiff is seeking substantially similar relief: a determination of its interest in and turnover of the Reissued Check Funds and Fees and Costs under the Fee Agreements.[28] Moreover, Defendant has not filed a proof of claim in this case.[29] As such, Plaintiff's claims and

---

[23] ECF No. 14.
[24] Citations to Adv. Proceeding Case No. 24-3127 will take the form of "Adv. Proceeding No. 24-3127, ECF No. _" Adv. Proceeding No. 24-3127, ECF No. 42.
[25] *Compare* ECF No. 14 *with* Adv. Proceeding No. 24-3127, ECF No. 42.
[26] Adv. Proceeding No. 24-3127, ECF No. 42. at 9–10.
[27] *MMA L. Firm, PLLC v. Morris Bart, LLC*, No. 4:24-cv-4446, 2024 U.S. Dist. LEXIS 225238, at *10 (S.D. Tex. Dec. 12, 2024).
[28] ECF No. 14.
[29] *See* Claims Register.

remedies sought in the Amended Complaint give rise to a jury trial right.[30] Since Defendant is entitled to a jury trial, withdrawal is mandatory and this Court need not consider permissive withdrawal.[30]

### III. CONCLUSION

For the reasons set forth in this Court's Report & Recommendation, this Court recommends that the reference to the United States Bankruptcy Court be immediately withdrawn.

SIGNED January 22, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[30] *See Halperin v. Wills* (*In re Senior Care Ctrs., LLC*), Nos. 18-33967-sgj, 20-03178, 3:21-CV-01498-B, 2021 Bankr. LEXIS 2052, at *5 (Bankr. N.D. Tex. July 15, 2021) ("The [defendant] has not filed a proof of claim and does not consent to the entry of a final judgment or order by the bankruptcy court, pursuant to 28 U.S.C. § 157(c)(2). Therefore, the bankruptcy court does not believe it can finally adjudicate the claims as they relate to this party."); *MMA L. Firm, PLLC* No. 4:24-cv-4446, 2024 U.S. Dist. LEXIS 225238, at *10.