IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MMA LAW FIRM, PLLC, | § § § | |
| *Plaintiff/Debtor*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-00318 |
| THE SANGISETTY LAW FIRM | § § § | |
| *Defendant.* | § | |

### RESPONSE TO NOTICE AND REQUEST FOR HEARING

TO THE HONORABLE ANDREW S. HANEN, U.S. DISTRICT JUDGE:

The Sangisetty Law Firm, LLC ("**SLF**"), through undersigned counsel, files this response to MMA Law Firm, PLLC's ("**MMA**" or the "**Debtor**") *Notice of Mediation Impasse and Request for Hearing on MMA's Pending Motion to Refer Pretrial Matters to Chief Bankruptcy Judge Rodriguez* [ECF Doc. 26] (the "**Request to Set Hearing**").

The *Motion to Refer Pretrial Matters to Chief Bankruptcy Judge Rodriguez* [ECF Doc. 20] (the "**Motion to Refer**") should be denied for the reasons raised in SLF'S *Opposition to MMA Law Firm, PLLC's Motion to Refer Pre-Trial Matters to Chief Bankruptcy Judge Rodriguez* [ECF Doc. 21] (the "**Opposition Motion to Refer**"). To summarize, referring this matter back to the Bankruptcy Court will result in unnecessary costs and duplication of efforts, as even assuming MMA's attorney fee contracts are not nullified (which they will be), MMA cannot recover under Louisiana's *Saucier* case. The record in cases across Louisiana already established that MMA improperly handled cases, failed to communicate with clients, filed suits

1

on behalf of clients who had already settled claims, forestalled clients from terminating MMA, improperly endorsed checks, in at least one instance dismissed a lawsuit without advising the client and was issued a Cease & Desist letter by the Louisiana Insurance Commissioner for fraud. SLF's clients either had nothing to do with MMA or SLF fixed the mess caused by MMA. Either way, MMA has no claim to any portion of SLF's fees.

If this Court is inclined to the set MMA's Motion to Refer for hearing, SLF respectfully requests that the *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and (7) or, Alternatively, to Transfer Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412* [ECF Doc. 8] filed by SLF on February 12, 2025 also be set for hearing.

SLF also notes that unlike the "multiple related adversary proceedings" mentioned by MMA (Request to Set for Hearing, ¶ 6), this lawsuit involves requested intervention by a third party seeking to assert claims over which this Court does not have bankruptcy jurisdiction. Consequently, at this time, this lawsuit may not be referred to the Bankruptcy Court. *See* 28 U.S.C. §§ 1334 and 157(a).

Dated:  September 16, 2025            Respectfully submitted,

                                             **CONGENI LAW FIRM, LLC**

BY:   */s/Leo D. Congeni*
        LEO D. CONGENI (LA Bar #25626)
        (*attorney-in-charge*)
        650 Poydras Street, Suite 2750
        New Orleans, Louisiana  70130
        Telephone: 504-522-4848
        Facsimile:  504-910-3055
        Email:  leo@congenilawfirm.com

*Attorney for Sangisetty Law Firm*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing *Response* was served on September 16, 2025, via the Court's CM/ECF system.

                                            */s/Leo D. Congeni*
                                            LEO D. CONGENI